UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| V. | NO. 15-187 |
| MICHAEL DUKE | SECTION "F" |

ORDER AND REASONS

Before the Court is Michael Duke's motion for clarification of sentence, which the Court construes as a motion requesting credit for jail time he has served.[1] For the reasons that follow, the motion is DENIED.

**Background**

Michael Duke appeared before the Court for sentencing on January 23, 2019, after having pleaded guilty to conspiracy to distribute and possess with the intent to distribute methamphetamine. This Court sentenced Duke to 57 months of imprisonment, to be served concurrent to a state sentence imposed on March 2, 2016 in the 24th Judicial District Court for the Parish of Jefferson. Neither the Court's oral pronouncement, nor written judgment of Duke's sentence, includes any reference to credit for

---

[1] On February 5, 2019, Michael Duke filed a pro se "motion for specific clarification of Court's January 23, 2019 sentencing intention(s) in regards to prior detention credits for all time served and concurancy [sic] issues." Duke's attorney of record, Daniel Claitor, has since supplemented his client's request for clarification.

1

previous time served. Duke (and his counsel) now ask the Court to clarify its judgment and/or the record to reflect all detention dates that are to be credited against Duke's sentence.

I.

*A.*

Section 3585(b) of Title 18 of the United States Code governs the calculation of a term of imprisonment and, in particular, credit for prior custody; it provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

"After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." United States v. Wilson, 503 U.S. 329, 335 (1992). "Although the statute does not explicitly say who is responsible for calculating the [§ 3585(b)] credit, controlling precedent indicates that it is the Attorney General acting through the Bureau of Prisons." United States v. Wynder, 659 F. App'x 761, 762-63 (5th Cir. 2016) (per curiam) (citing

Wilson, 503 U.S. at 334-335); see also Falcetta v. United States, 734 F. App'x 286, 287 (5th Cir. 2018) (per curiam) ("[D]ismissal for lack of jurisdiction was appropriate because Falcetta failed to show that he exhausted his sentencing credit claim fully through the multi-step BOP exhaustion procedure."); United States v. Binion, 981 F.2d 1256 (5th Cir. 1992) (per curiam) ("[D]istrict courts have no jurisdiction to grant or deny credits at sentencing. The computation of credits is wholly the function of the United States Attorney General after the defendants begin their sentences.").

*B.*

Because the Attorney General, through the Bureau of Prisons, determines what credit, if any, is awarded to prisoners for time spent in custody prior to the commencement of their federal sentences, Duke must direct his request to that entity. Only if Duke can show that he has exhausted his administrative remedies with the BOP may he seek judicial review of the Bureau's time computations. See United States v. Setser, 607 F.3d 128, 133 (5th Cir. 2010) ("In the event that a prisoner feels he has been improperly refused credit for time he has served in state custody, the prisoner must first 'seek administrative review of the computations of [his] credit, and, once [he has] exhausted [his] administrative remedies, [the] prisone[r] may only *then* pursue judicial review of these computations.'" (citations omitted)).

Accordingly, IT IS ORDERED: that Duke's motion is DENIED. Insofar as he seeks credit for time served in state custody, Duke must direct that request to the Bureau of Prisons.

New Orleans, Louisiana, March 7, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE